**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 97-4606

ROBERT CHAEGON KIM,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-117-A)

Submitted: December 22, 1998

Decided: January 14, 1999

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

James G. Gore, Vienna, Virginia; Mark H. Lynch, Patrick S. Kim,
COVINGTON & BURLING, Washington, D.C., for Appellant. Helen
F. Fahey, United States Attorney, Robert C. Chesnut, Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Chaegon Kim pled guilty to an information charging him with conspiracy to obtain national defense information, <u>see</u> 18 U.S.C.A. § 793 (West 1976 & Supp. 1998), while he was employed by the Office of Naval Intelligence. He was sentenced to 108 months imprisonment. In his plea agreement, Kim waived his right to appeal any sentence within the statutory maximum "on any ground whatever." His attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising several issues relating to the sentence but stating that in his view there are no meritorious issues for appeal. Kim has filed a pro se supplemental brief in which he contests his sentence on additional grounds and asserts that he received ineffective assistance of counsel. After a thorough review of the record, we affirm in part and dismiss in part.

A defendant may waive the right to appeal his sentence if the waiver is knowing and intelligent. <u>See United States v. Broughton-Jones</u>, 71 F.3d 1143, 1146 (4th Cir. 1995). A waiver is valid and enforceable if the district court questions the defendant about it during the Fed. R. Crim. P. colloquy. <u>See United States v. Wessells</u>, 936 F.2d 165, 167-68 (4th Cir. 1991). A waiver does not preclude the defendant from appealing a sentence which is in excess of the statutory maximum or based on constitutionally impermissible factors. <u>See United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992). Here, the district court discussed the waiver provision with Kim at the Rule 11 hearing, explained that he would be able to appeal only an illegal sentence, and further explained what would constitute an illegal sentence. Kim assured the court that he understood that he was waiving his right to appeal. We find that the waiver was valid and thus do not address the claims made in the supplemental brief concerning the calculation of the guideline range, the district court's imposition of sentence at the high end of the range, and the disparity between Kim's

2

sentence and the sentences imposed on others convicted of similar offenses. Because it does not conclusively appear from the record that Kim's attorneys rendered ineffective assistance of counsel at sentencing, his claim of ineffective assistance should be raised in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 (1994), rather than in his direct appeal. See United States v. Smith , 62 F.3d 641, 651 (4th Cir. 1995).

In the Anders brief, defense counsel suggests that the district court considered constitutionally impermissible factors in imposing sentence. After the court decided that no factors were present which would permit a departure below the guideline range, the court added that, even if a departure were possible, it would not be appropriate. The court then commented on the fact that Kim considered using his church as a place to pass classified documents to a South Korean military attache, and deemed Kim's attitude "horrible hypocrisy." Counsel argues that the remark indicates that the court chose not to depart because Kim offended the court's own "personal sense of religiosity." See United States v. Bakker, 925 F.2d 728, 740 (4th Cir. 1991) (judge's religion may not be factor in sentencing). We find no constitutional violation in the court's comment, which was made after the court had already decided not to depart.

Counsel also maintains that the court improperly considered Kim's status as a naturalized citizen when it imposed sentence at the high end of the guideline range. The court discussed the oath of allegiance that is taken by naturalized citizens and the oath Kim took to abide by the secrecy requirements of his job with the Office of Naval Intelligence. The court then stated that it felt it "must take into consideration [in addition to Kim's personal qualities and prior good works] the message that is sent out to others who might be in a similar situation and think it's not so bad to help another country even if I breach an oath to the United States." Our review of the record discloses that the court's concern was the seriousness of Kim's violation of his oaths rather than his national origin or immigration status. Consequently, we find no error.

Last, counsel argues that the district court mistakenly believed that a departure on the basis of Kim's charitable works was foreclosed by Koon v. United States, 518 U.S. 81 (1996), and United States v.

3

Rybicki, 96 F.3d 754 (4th Cir. 1996). This issue is not properly raised on appeal because all non-constitutional claims relating to the sentence were waived.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. We dismiss that portion of the appeal which challenges the sentence on other than constitutional grounds. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART